## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2018, 7:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven Davenport, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 7, 2018 <br><br> Court of Appeals Case No. 34A04-1712-CR-2983 <br><br> Appeal from the Howard Circuit Court <br><br> The Honorable Lynn Murray, Judge <br><br> Trial Court Cause No. 34C01-1008-FD-170 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Steven Davenport appeals the trial court's order requiring him to serve the remainder of his suspended sentence in the Department of Correction for violating his probation. Because Davenport had violated probation on three previous occasions and was given multiple chances to no avail, we find no abuse of discretion and affirm the trial court.

# Facts and Procedural History

[2] Davenport pled guilty to child solicitation, and the trial court imposed a sentence of three years, with one year executed and two years suspended to probation.

[3] On October 5, 2017, the State filed a Petition to Revoke Suspended Sentence, alleging, among other things, that Davenport violated his probation by failing to report to the probation department on October 2. Tr. Vol. II pp. 11-12. This was the sixth petition to revoke Davenport's probation that the State had filed in this case. Two of the earlier petitions were dismissed, one because he pled guilty to the crime that led to the filing of the petition. The other three petitions resulted in Davenport serving some of his suspended sentence. *See* Appellant's App. Vol. II pp. 35-36, 41-42. At the hearing, Davenport's probation officer testified that Davenport was required to check-in daily at the courthouse and to report to her once a week. Davenport admitted that he did not report on October 2; however, he claimed that neck pain stemming from a broken jaw

that he sustained in May 2017 "prevented [him] from walking to probation, to the courthouse." Tr. Vol. II p. 27. Davenport's probation officer testified that Davenport had never told her that his injury prevented him from reporting to probation. *Id.* at 17.

[4] The trial court found that Davenport violated his probation by failing to report on October 2:

> Mr. Davenport himself has admitted that he[ ] failed to [report on October 2]. I don't think any of the reasons that he's given here or other evidence he's submitted is a justifiable reason why he couldn't report, couldn't do the check-in . . . . You know, all this issue about, you know, the injuries that he suffered and so on and so forth, perhaps the Court would be inclined to be more lenient if this was the first time he had missed. It is not . . . . I don't believe Mr. Davenport is able to comply with the Rules of Probation. I'm going to find just on number one, his failure to report, which he was required to do daily, that he failed to do so. He's had a history of non-compliance in this case. Find the Petition to Revoke Suspended Sentence granted.

*Id.* at 27-28. The trial court ordered him to serve the balance of his suspended sentence, which amounted to 460 days, in the DOC.

[5] Davenport now appeals.

# Discussion and Decision

[6] Probation revocation is a two-step process. First, the trial court must determine that a violation of a condition of probation actually occurred. *Woods v. State*,

892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id.* When a probationer admits to the violation, the court can then proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* The decision to revoke probation lies within the sound discretion of the trial court, and if there is substantial evidence of probative value to support the trial court's decision that a defendant has violated a term of probation, the reviewing court will affirm its decision to revoke probation. *Id.* at 639-40.

[7] Davenport concedes that he violated his probation. Appellant's Br. p. 5. He argues, however, that the trial court abused its discretion in sentencing him to the balance of his suspended sentence in the DOC because his violation was attributable to his medical condition. *Id.* at 6. He asks us to order the balance of his suspended sentence to be served on community corrections through work release, in-home detention, or other community-based monitoring because it would "increase the level of supervision he faces within the community." *Id.* at 7.

[8] However, the trial court has already given Davenport multiple chances. He has violated his probation in this case three previous times, served small periods of time for these violations, and has returned to probation, only to violate it again. Therefore, in light of the opportunities that Davenport has been given in this case, the trial court did not abuse its discretion in ordering Davenport to serve the balance of his suspended sentence in the DOC, as opposed to on community corrections, for violating probation for a fourth time in this case.

Affirmed.

Barnes, J., and Pyle, J., concur.